**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DAVID ROBINSON, JR.,**

                **Plaintiff,**              1:09-cv-0455
                                                      (GLS\RFT)

                    v.

**NEW YORK STATE; GEORGE ALEXANDER,** Chairman, New York State Division of Parole; **MICHAEL FORK,** Bureau Chief; **Ms. BENJAMIN,** Senior Parole Officer; **Mr. FERNANDEZ,** Parole Officer,

                **Defendants.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**
David Robinson, Jr.
Pro Se
47 S. Montgomery Street
Valley Stream, NY 11580

**FOR THE DEFENDANTS:**
HON. ANDREW M. CUOMO        C. HARRIS DAGUE
New York Attorney General         Assistant Attorney General
Albany Office
The Capitol
Albany, NY 12224

**Gary L. Sharpe
U.S. District Judge**

## **MEMORANDUM-DECISION AND ORDER**

On June 17, 2009, pro se plaintiff David Robinson, Jr., filed a renewed application for an Order to Show Cause seeking a Preliminary Injunction and Temporary Restraining Order (TRO) asking the court to temporarily restrain and enjoin defendants from enforcing alleged unconstitutional terms and conditions of his post-release supervision. (*See generally* Dkt. No. 15.)

In seeking a TRO, a plaintiff must satisfy the same prerequisites as a party seeking a preliminary injunction. *See Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992). In general, a district court may grant a preliminary injunction where the moving party establishes: (1) that he is likely to suffer irreparable injury if the injunction is not granted; and (2) either (a) a likelihood of success on the merits of his claim, or (b) the existence of serious questions going to the merits of his claim and a balance of the hardships tipping decidedly in his favor. *See Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005). "Such relief ... is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of

persuasion." *Id.* ( internal quotation marks and citation omitted).

Having reviewed Robinson's Order to Show Cause application, Robinson has failed to satisfy the prerequisites for the granting of a Preliminary Injunction and TRO. As the Attorney General points out, Robinson has failed to provide any specific explanation of how current and future enforcement of his parole conditions and terms will cause irreparable harm to him. (*See* Def. Mem. of Law at 4, Dkt. No. 17.) Rather, Robinson merely mentions "irreparable injury" in a conclusory and vague manner. (*See* Pl. Mot. at ¶¶ 29-31, 34, Dkt. No. 15.) However, such speculative and non-specific harm is insufficient. *See Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Moreover, in construing Robinson's pro se application liberally, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), the court finds that the post-release conditions placed on Robinson are unlikely to cause him irreparable harm. Therefore, because he has failed to make any showing of irreparable injury, and has failed to meet the remaining requirements,[1] Robinson's application for an Order to

---

[1] Robinson has not demonstrated a likelihood of success on the merits of his claim that the authority of the New York State Division of Parole rests on an unconstitutional delegation of power. (*See* Pl. Mot. at ¶¶ 12-26, Dkt. No. 15.) Instead, as discussed by the Attorney General, the Division of Parole's power to impose special conditions on individuals pursuant to post-release supervision is well-established. (*See* Def. Mem. of Law at 5-7, Dkt. No. 17 (citing, *inter alia*, *Ahlers v. N.Y. State Div. of Parole*, 1 A.D.3d 849 (3d Dep't 2003); N.Y. EXEC. LAW §§

Show Cause seeking a Preliminary Injunction and TRO is denied.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Order to Show Cause application for a Preliminary Injunction and Temporary Restraining Order is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

November 2, 2009
Albany, New York

_____
United States District Court Judge

---

259-c, 259-i(5); 9 N.Y.C.R.R. § 8003.3)); *see also Briguglio v. N.Y. State Bd. of Parole*, 24 N.Y.2d 21 (1969); *Menechino v. Oswald*, 430 F.2d 403 (2d Cir. 1970).  And Robinson has not demonstrated a likelihood that the unique conditions placed on him are not rationally related to preventing commission of future offenses.  *See Jones v. N.Y. State Div. of Parole*, 24 A.D.3d 827, 829 (3d Dep't 2003).  Furthermore, for similar reasons, Robinson has failed to allege the existence of serious questions going to the merits of his claim or that the balance of hardships tips decidedly in his favor.  *See Moore*, 409 F.3d at 510.